JOHNSON, Judge.
Appellant was injured while working for appellee as a flagman on a switching move. After a trial on the issues of liability and damages, the jury returned a verdict for appellant in the amount of $1,500,000.00. Pursuant to appellee’s post-trial motions, the trial court granted the motion for a new trial on all issues, finding that the verdict shocked the judicial conscience as being grossly excessive and that it was arrived at through passion, prejudice, sympathy or mistake. The appellant now seeks reversal of the trial court’s order vacating and setting aside the verdict and ordering a new trial on all issues.
We have heard oral argument in this cause and have carefully considered the briefs submitted by counsel and the lengthy record on appeal. As to the issue of damages, it is our conclusion that the appellant has failed to demonstrate an abuse of the broad discretion allowed the trial court in granting a motion for new trial. The record in this cause amply supports the trial court’s finding that the amount of the verdict was grossly excessive and was the result of passion, prejudice, sympathy or other mistake. Thus, we affirm that portion of the new trial order insofar as it pertains to the issue of damages.
However, insofar as the order commands a new trial on the issue of liability also, we reverse. The record before this Court clearly shows some negligence on the part of appellee which played a part in the happening of the accident injuring appellant. This suit alleged violations of the Federal Employers’ Liability Act and the Safety Appliance Act. The latter Act places an absolute duty requirement on railroads regarding safe and secure grab-irons. In order to support recovery under the former Act, it is necessary to show some proof of negligence which plays a part, however slight, in the happening of the accident. Under either theory the record, considered as a whole, clearly demonstrates liability on the part of appellee, and we conclude that the trial court abused its discretion in including the issue of liability in its new trial order. The new trial should be confined solely to the issue of damages.
Accordingly, as to that portion of the order requiring a new trial on the issue of damages, we affirm; as to that portion requiring a new trial on the issue of liability, we reverse.
Affirmed in part and reversed in part.
*243 RAWLS, C. J., concurs.
SPECTOR, J., dissents.